JUDGE SULLIVAN

10 CIV 8028

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GERALDO F. MARTINEZ, Individually and on behalf
of all others similarly situated,

                      Plaintiff,

      -against-

CAPITAL ONE BANK, N.A.,

                      Defendant.
----------------------------------------------------------------X

COMPLAINT

Case No.

RECEIVED OCT 21 2010 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Geraldo F. Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys the Law Offices of G. Oliver Koppell and Associates, complains of defendant Capital One Bank, N.A ("Defendant"), and alleges as follows:

## NATURE OF THE CASE

1. This action is brought by Plaintiff, individually and on behalf of a class of similarly situated account holders of Defendant, a banking institution, who seek damages and injunctive relief based on the unlawful conduct of Defendant in denying such account holders the ability to obtain funds in their accounts, in some instances releasing Plaintiff and the Classes' statutorily protected personal property to third party creditors, failing to provide mandatory disclosures, as well as charging unlawful fees to class members.

2. This action is brought pursuant to the Exempt Income Protection Act ("EIPA") and New York Common Law. Defendant has converted Plaintiff and the Classes' personal property, breached its duties to Plaintiff and the Class, and also engaged in contumacious conduct by failing to adhere to EIPA's provisions.

1

3. EIPA prohibits judgment creditors from restraining the first $2500 of funds deposited into Plaintiffs' accounts from federally protected sources. To effectuate these policies, the EIPA imposes various obligations on banks and creditors to provide notice of when creditors attempt to restrain accounts, and to remove the restraint when account holders claim that the funds are exempt. Additionally the statute prevents creditors from restraining the first $1740 in any account, regardless of the source of the funds. Any notice served on a bank to restrain an account containing $1740 or less "shall be deemed void."

4. Despite the requirements of the EIPA and federal law, Defendant has unlawfully regularly restrained Plaintiff's and the Classes' accounts, and in numerous instances subsequently transferred the funds to the creditors. Defendant has done so in clear violation of the law's terms, which has prevented Plaintiff and the Class from accessing their statutorily protected assets to purchase items as basic as food and clothing. Defendant has converted such monies to its' own use and to the use of third parties. Defendant has also unlawfully imposed fees and penalties on Plaintiff and the Class, and failed to provide mandatory disclosures.

5. Plaintiff and the Class seek damages, exemplary and punitive damages where appropriate and allowed and an injunction enjoining the continuation of Defendant's unlawful conduct, restitution and disgorgement.

6. In connection with the activities giving rise to this action, Defendant acted with malice, intent, recklessness, knowledge and wanton disregard for the rights of Plaintiff and the Class.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1332.

8. This Court possesses personal jurisdiction over Defendant based on Defendant's residence, presence, transaction of business and contacts within the United States, New York and this District.

9. Venue is proper within this District under 28 U.S.C. § 1391(a) and (c) because Defendant resides and transacts business in this District and because a substantial part of the events or omissions giving rise to the claims and injuries alleged herein occurred in this District.

## PARTIES

10. Defendant is a major national bank, which has "emerged as one of America's largest consumer franchises with approximately 45 million customer accounts and one of the nation's most recognized brands;" it is "one of the nation's top 10 largest banks based on deposits."[1] Upon information and belief, Defendant is a Virginia corporation headquartered at 1680 Capital One Drive, McLean, Virginia 22102. Defendant maintains numerous branches and conducts significant business in New York State.

11. Plaintiff Geraldo F. Martinez resides at 535 West 155th Street, Apt 21, New York, NY 10032. During the relevant period, he maintained a checking account at one of Defendant's New York City branches.

12. On or about April 29, 2010 Plaintiff received notice from Defendant that his account was frozen due to the service of a restraint notice and/or levy by third-party

---

[1] http://www.capitalone.com/about/corporate-information/history/?log=1&LOB=1000&Segment=Default&TestCell=00&PageName=Who%20we%20are&EventType=Link&ComponentType=T&ContentElement=History&ComponentName=Menu&TargetLob=1000&TargetPageName=History

creditors. At the time of the restraint, Plaintiff had $316.15 in his account, received from his wages. Defendant charged Plaintiff administrative fees associated with placing the restraint on his account (including a Special processing debit – Marshal Levy in the amount of $178.71), and also imposed overdraft fees in the amount of $70.00 associated with Plaintiff's checks that bounced after his account was restrained. Upon information and belief, Plaintiff did not receive any disclosures from Defendant concerning any property that may be exempt from restraint.

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Before the passage of EIPA, New York law was silent as to the protection of federally exempted funds (existing statutory provisions that exempt certain personal property from garnishment). At the same time, there was a dramatic increase in debt collection in New York. In 2006, there were approximately 320,000 consumer debt cases filed in New York City alone; the cases involved a total of $1 billion in claims, of which approximately $800 million was collected by creditors.[2] One study concluded that 80% of these cases resulted in default judgments.

14. Under New York law, judgment creditors can electronically search bank records to locate the accounts of debtors; once the accounts have been identified, the New York law permits creditors to put a restraint on the account. Such a restraint has the effect of prohibiting account holders from withdrawing their funds. Any additional deposits into the account, including federal benefits payments, are immediately restrained and therefore unavailable to account holders. Financial institutions often place this restraint on the account in order to allow courts time to determine to whom the funds

---

[2] http://www.urbanjustice.org/pdf/publications/CDP_Debt_Weight.pdf; http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf

4

should be released.³ As a result, creditors enjoy greater leverage to settle the debt with the account holders.

15. Creditors often serve notices to restrain thousands of accounts at a time with the assistance of the electronic restraint tool. According to the New York City Department of Consumer Affairs, "[t]he ease and efficiency of this process encourages the use of electronic service and causes undue hardship for many, not only here in New York, but nationwide."⁴

16. In 2008, the New York State Legislature passed EIPA. It initially prohibited judgment creditors from restraining the first $1716 of any debtors' electronic bank account, regardless of the source of the funds.⁵ C.P.L.R. §5222(i). This amount has since been raised to $1740. Banks are instructed by the statute that any notices attempting to restrain these accounts "shall be deemed void." *Id.* EIPA also mandates that no fees be charged to the account holder in connection with creditors' attempt to freeze the funds, even where the restraint is unlawfully effected. *Id.* at §5222(j).

17. In addition, EIPA places the first $2500 of "reasonably identifiable" federally exempt benefit payments under the protection of state law. *Id.* at §5205(l).

18. In the event that the bank is served with a restraint request for an account, for the restraint to be valid the bank must receive from the creditor, and send to the debtor, an exemption claim form to the account holder within two days. Upon receipt of the executed exemption form, the bank must release all exempt funds in the account

---

³ 72 Fed. Reg. 55,275 (Sept. 27, 2007).
⁴ http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf
⁵ The statutory limit increases over time. Currently, the first $1740 in any account is exempted from garnishment. N.Y. C.P.L.R. § 5222(i).

within eight days. *Id.* § 5222-a(b)-(c). The failure by the bank to receive the exemption forms from the creditor or from the creditor's representative renders the restraint void.

19. Defendant has openly violated the EIPA despite the clear wording of the statute.

20. Defendant is readily able to identify the source of protected funds. Many of these funds are, in fact, electronic payments made directly through the Defendant. Furthermore, Defendant is aware of the fact that pursuant to EIPA regardless of the source of the funds, the first $1740 in any account is protected. Nonetheless, upon information and belief, thousands of account holders have had their entire accounts frozen by non-compliant financial institutions, such as Defendant.

21. Moreover, upon information and belief, Defendant does not require receipt from creditors of the notices called for in EIPA to be sent to purported debtors informing them of their exemption rights. Upon information and belief, Defendant also fails to itself provide such statutorily required notices to Class Members.

22. The effect of these illegal actions is that Class Members have been prevented from accessing certain monies held in their accounts for sustained periods of time. Class Members have been unable to use such monies for a period of time in any manner they deem appropriate. In some instances, the funds were ultimately unlawfully transferred to the judgment creditors. In addition, Defendant has unlawfully assessed fees both for the restraint, as well as overdraft and insufficient funds fees for monies Class Members are entitled to by law. During this same period, the Defendant has been able to unjustly enrich itself with these converted funds.

## CLASS ACTION ALLEGATIONS

23. Plaintiff seeks to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, sub-sections 23(a) and 23(b)(2) and/or (b)(3) on behalf of himself and the following Class:

> All bank account holders of Defendant who, during the period between January 1, 2009, and the present, had their accounts restrained and/or levied upon pursuant to the provisions of the New York Civil Practice Law and Rules despite the fact that the accounts contained funds exempted from restraint and/or levy, and/or contained an amount lower or equal to the statutorily prescribed protected amount from restraint and/or levy.

The Class satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the CPLR.

24. The members of the Class are so numerous that joinder of all Class members is impracticable. While the exact number of Class members can be determined only by appropriate discovery, Plaintiff believes that members of the Class number in the thousands.

25. Defendant's misconduct has affected all members of the Class in a similar manner.

26. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all of the Class Members were injured and continue to be injured in the same manner by Defendant's unlawful and inequitable acts and practices, as well as Defendant's wrongful conduct.

27. Plaintiff has no interests that are adverse or antagonistic to those of the Class. Plaintiff's interest is to obtain relief for himself and the Class for the harm arising out of the violations of law set forth herein.

28. Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in complex class action litigation.

29. The class action is superior to all other available methods for fair and efficient adjudication of this controversy. Since the damages suffered by the members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Plaintiff and members of the Class individually to seek redress for the wrongful conduct alleged.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant attempted to identify funds that were statutorily exempted from garnishment;

    b. Whether Defendant provided the Class with the statutorily required notice and disclosures under EIPA when creditors attempt to restrain accounts containing exempted funds;

    c. Whether Defendant knowingly or negligently restrained accounts containing less than the protected statutory minimum under EIPA;

    d. Whether Plaintiffs' protected assets were transferred to third-party creditors or their agents in violation of EIPA;

    e. Whether Defendant charged or imposed fees in connection with or as a result of the restraints on the accounts of the Class, in violation of EIPA;

    f. Whether Defendant honored restraints that failed to comply with the requirements of EIPA;

    g. Whether the members of the Class have sustained damages and, if so, the proper measure of such damages; and

    h. Whether Plaintiff and the Class are entitled to injunctive relief to remedy Defendant's continuing violation law alleged herein.

31. The Class is readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

32. Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION FOR CONVERSION

33. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 32 of this complaint as if fully set forth herein.

34. Of monies deposited by Class Members with Defendant, pursuant to EIPA it is unlawful for Defendant to restrain, at the request of a judgment creditor, a minimum of $1740 belonging to a Class Member, and, in some instances a higher amount. It is further unlawful to restrain any funds if proper disclosures have not been provided by the creditor to Defendant and if Defendant has not transmitted those disclosures to Class Members.

35. Ignoring the provisions of EIPA, Defendant knowingly and intentionally unlawfully exercised control over the monies belonging to Class Members, restraining funds less than the protected amount of $1740 or more and, at times, provided them to third-party creditors.

36. Because of the unlawful restraint imposed by Defendant, Class Members' rights in their funds are interfered with and their funds cannot be used the manner in which Class Members desire.

37. Defendant also unlawfully imposes fees upon Class Members in connection with these restraints, depriving Class Members of the use and control over their property.

38. As a result of the foregoing, Plaintiff and the other members of the Class were caused to incur damages.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT

39. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38 of this complaint as if fully set forth herein.

40. Defendant has been unjustly enriched and benefited from the inequitable acts alleged in this Complaint resulting in Class Members having their funds restrained by Defendant, allowing Defendant to continue to use and benefit from those funds.

41. Defendant has further been unjustly enriched and benefitted by having unlawful fees assessed to Class Members and retained by Defendant upon the unlawful restraint of their funds.

42. Defendant has reaped profits and revenues resulting from their acts of unlawful conduct.

43. The sources of Defendants' unlawful profits and revenues are derived from Class Members payment of fees to Defendant and Defendant's retention of Class Members funds which would not have occurred but for Defendant's failure to abide by EIPA.

44. It would be inequitable for Defendants to be permitted to retain any of the proceeds derived as a result of this unlawful conduct.

45. Defendant should be compelled to disgorge into a common fund or constructive trust for the benefit of Class Members all proceeds received by them from any unlawful act described in this Complaint which have inured and continue to inure to the unjust enrichment of Defendant.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

46. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. Defendant, a well known banking institution, in entering into agreements with Class Members to retain their funds until Class Members sought their return owed a fiduciary duty to Class Members to retain all monies that lawfully belonged to them.

48. As alleged herein, Defendant routinely breached those fiduciary duties in restraining funds that they had no right to restrain and in unlawfully charging fees to Class Members.

49. As a result of the foregoing, Plaintiff and the other members of the Class were caused to incur damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE

50. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 49 of this complaint as if fully set forth herein.

51. Defendant owed Class members a duty to at all times comply with the law in the maintenance of Class Members' accounts.

52. In failing to abide by terms of EIPA in unlawfully restraining Class Members accounts, in assessing Class Members unlawful fees, and in failing to provide Class Members with statutorily required notices that their property may be exempt, Defendant breached their duty owed to Class Members and acted in a negligent manner.

53. As a result of the foregoing, Plaintiff and the other members of the Class were caused to incur damages.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT

54. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 53 of this complaint as if fully set forth herein.

55. Upon information and belief, Defendant entered into a contract and/or service agreement with each Class Member.

56. By and between that agreement, Defendant covenanted to abide by all federal and state laws applicable to banking institutions.

57. In violating EIPA, Defendant breached its agreement with Class Members.

58. As a result of the foregoing, Plaintiff and the other members of the Class were caused to incur damages.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR INJUNCTION

59. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 58 of this complaint as if fully set forth herein.

60. Defendant fails to abide by the terms of EIPA.

61. Class Members have no adequate remedy at law for Defendant's past and ongoing violations of EIPA. Defendant's continued unlawful restraint of Class Members accounts will preclude them from utilizing funds to which they are entitled in a manner which they see fit, which may subject Class Members to interest penalties, penalty payments, eviction, repossession or other such harms.

WHEREFORE, Plaintiff demands judgment:

a) Certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Awarding Plaintiff and all Class Members compensatory damages on all causes of action;

c) Awarding Plaintiff and all Class Members statutory, exemplary and punitive damages where permitted;

d) Permanently enjoining Defendant from continuing to engage in the unlawful and inequitable conduct alleged herein and requiring Defendant to comply with EIPA;

e) Ordering Defendant to make restitution and/or disgorge into a common fund or a constructive trust all monies paid by Plaintiff and Class Members to the full extent to which Defendant was unjustly enriched by their unlawful and inequitable conduct alleged herein;

f) On each of the above causes of action costs, disbursements and legal fees; and

g) Such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues to be determined by a jury.

Dated: New York, New York
       October 21, 2010

                                            Law Offices of G. Oliver Koppell & Associates

By: _____
    G. Oliver Koppell (GK-4851)
    Daniel F. Schreck (DS-7680)
99 Park Ave., 3rd Floor
New York, NY 10016
212-867-3838

Charles Juntikka (CJ-4689)
Charles Juntikka & Associates, LLP
350 Fifth Avenue, Suite 2212
New York, New York 10118
(212)315-3755

_____
DS-7680