```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALDO F. MARTINEZ and JOSEPH
CUMMINGS,

         Plaintiffs,

 -v-

CAPITOL ONE, N.A.,

         Defendant.

No. 10-cv-8028 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

  This action by Plaintiffs Geraldo F. Martinez and Joseph Cummings against Defendant Capitol One, N.A. arises out of Defendant's alleged failure to comply with the requirements of the New York Exempt Income Protection Act ("EIPA"). Now before the Court is Plaintiffs' motion to amend. For the reasons set forth below, the motion is denied.

I. BACKGROUND

  The Court assumes the parties' familiarity with the factual and procedural background of this case, as set forth in the Court's March 27, 2012 Opinion and Order dismissing Plaintiffs' First Amended Complaint. (*See* Doc. No. 32 ("*Martinez I*"); *see also* Doc. No. 16 ("FAC").) Plaintiffs appealed *Martinez I* to the Second Circuit, where it was consolidated with the appeal from the March 2, 2012 order of dismissal in *Cruz v. TD Bank, N.A.*, a parallel case before the Honorable P. Kevin Castel. (See 10-cv-8026, Doc. No. 26 ("*Cruz I*").) On March 27, 2013, the Second Circuit issued an opinion certifying to the New York Court of Appeals two questions posed by *Martinez* I and *Cruz* I:

> [F]irst, whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements; and
>
> [S]econd, whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by [the New York Civil Practice Law and Rules ("CPLR")] Article 52 and, if so, whether those special proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action.

*Cruz v. TD Bank, N.A.*, 711 F.3d 261, 271 (2d Cir. 2013) ("*Cruz* II"). On November 21, 2013,

the New York Court of Appeals issued an opinion answering the two certified questions. *Cruz v.*

*TD Bank, N.A.*, 979 N.Y.S.2d 257 (N.Y. 2013) ("*Cruz* III"). In response to the first question, the

Court of Appeals answered:

> We agree with the District Courts that a private right to bring a plenary action for injunctive relief and money damages cannot be implied from the EIPA – and we therefore answer the first certified question in the negative.

*Id.* at 268. In response to the second question, the Court of Appeals answered:

> [A] judgment debtor can secure relief from a bank arising from a violation of the EIPA in a CPLR article 52 special proceeding as we have explained. And our determination that the legislation created no private right of action compels the conclusion that the statutory mechanisms for relief are exclusive.[1]

*Id.* Following *Cruz* III, the Second Circuit issued an opinion on December 18, 2013, affirming

*Martinez* I and *Cruz* I, and remanding both cases for consideration of the plaintiffs' contemplated

motions to amend. *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) ("*Cruz* IV").

On February 7, 2014, Plaintiffs in this action filed this motion to amend, seeking leave to

file their Proposed Second Amended Complaint. (Doc. No. 39; Doc. No. 40 Ex. 1 ("PSAC");

Doc. No. 41.) Defendant filed its opposition on February 21, 2014 (Doc. No. 42 ("Opp.")), and

Plaintiffs replied on March 7, 2014 (Doc. No. 45).

---

[1] A "special proceeding" is a type of judicial proceeding recognized under New York state law. *See* N.Y. CPLR §§ 103(b), 401–410. It is distinct from the "action" or "plenary action," which is the standard form of civil judicial proceeding. *Id.* § 103(a).

Meanwhile, the plaintiffs in *Cruz*, who are represented by the same counsel as Plaintiffs here, filed their motion to amend on February 3, 2014. (10-cv-8026, Doc. No. 33.) The proposed second amended complaint filed in *Cruz* was essentially identical to the PSAC filed by Plaintiffs in this case. (*Compare* 10-cv-8026, Doc. No. 34 Ex. 1 ("*Cruz* PSAC"), *with* PSAC.) On April 17, 2014, Judge Castel issued an order denying without prejudice the *Cruz* plaintiffs' motion. (10-cv-8026, Doc. No. 46 ("*Cruz* V").) Following a motion for reconsideration, Judge Castel issued an order on June 3, 2014, modifying one aspect of *Cruz* V. (10-cv-8026, Doc. No. 53 ("*Cruz* VI").)[2] As discussed further below, the Court finds Judge Castel's well-reasoned and thorough opinion in *Cruz* V, as modified by *Cruz* VI, to be persuasive and adopts Judge Castel's analysis here.

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that this Court "freely give leave [to amend] when justice so requires." Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2007). The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. See *Dougherty v. Town of N. Hempstead Bd. of*

---

[2] In *Cruz* V, Judge Castel held that the plaintiffs could recover only those improperly assessed bank fees attributable to violations of the EIPA. (*Cruz* V at 16–17.) Upon reconsideration, Judge Castel recognized that, under the EIPA, banks are prohibited from charging *any* bank fees in connection with the garnishment process if they violate the EIPA, not just those fees attributable to the violations. (*Cruz* VI at 5.)

*Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).")

Here, the only ground Defendant advances for denying Plaintiffs' motion is futility. (Opp. at 4–5.) Thus, the question before the Court is whether Plaintiffs' PSAC would survive a motion to dismiss.

### III. DISCUSSION

As noted, Plaintiffs' PSAC is basically identical to the *Cruz* PSAC, which Judge Castel considered in *Cruz* V and *Cruz* VI. Moreover, Defendant raises the same arguments that the defendant in *Cruz* raised in opposition to the motion to amend in that case. The Court finds Judge Castel's analysis to be persuasive and adopts that analysis in its entirety.

#### A. Defendant's Arguments

In support of its contention that Plaintiffs' motion is futile, Defendant argues that: (1) the Court lacks jurisdiction because article 52 special proceedings – which *Cruz* III found to be the "exclusive" remedy for EIPA violations – may not be maintained as freestanding actions (Opp. at 5–10); (2) the Court should abstain from exercising jurisdiction under the *Rooker-Feldman* and *Younger* abstention doctrines (*id.* at 12–15); and (3) the Anti-Injunction Act prevents the Court from granting injunctive relief (*id.* at 15–16).

Each of these arguments was raised by the defendant, and rejected by Judge Castel, in *Cruz* V. Specifically, Judge Castel found that: (1) proceedings under sections 5239 and 5240 may be maintained as independent actions in state court and hence may be brought in federal court so long as the prerequisites for federal diversity jurisdiction are met (*Cruz* V at 7–8); (2) the *Rooker-Feldman* and *Younger* abstention doctrines are inapplicable because the *Cruz* PSAC, like the PSAC here, does not seek to disturb state court judgments (*id.* at 10–11); and

(3) the Anti-Injunction Act is likewise inapplicable because the *Cruz* PSAC, like the PSAC here, does not seek to enjoin any on-going state court proceedings (*id.* at 11–12). The Court wholly agrees with Judge Castel's careful analysis and rejects each of Defendant's arguments for the reasons set forth in *Cruz* V.

### B. Scope of Relief Available

Although Judge Castel rejected each of the defendant's arguments in *Cruz* V, he nevertheless denied the plaintiffs' motion to amend because the *Cruz* PSAC sought remedies inconsistent with the New York Court of Appeals opinion in *Cruz* III. (*Cruz* V at 12–16.) Again, the Court agrees with Judge Castel and adopts his analysis here.

### 1. *Cruz* III

In finding that the EIPA did not create an implied private right of action, the New York Court of Appeals remarked:

> [R]ecognition of new liability for banks of the type proposed by plaintiffs would be incompatible with the legislative scheme [of the EIPA], which recognizes the bank's limited role as garnishee. . . .
>
> Considering the statutory scheme overall, it appears that the legislature intended to use banks as a conduit for information so that exemption rights would be timely communicated to judgment debtors but did not intend this role to subject banks to a new type of liability. The point of the legislation was to help debtors notify banks of the presence of exempt funds in their accounts in order to prevent those funds from being restrained in the first instance – not to create yet another opportunity for litigation on the back end after an improper restraint was imposed. There is no indication that the legislature adopted the EIPA because it believed that CPLR article 52 failed to supply adequate means for a judgment debtor to seek judicial recourse during the enforcement process (thereby necessitating a new avenue in the form of a plenary private right of action against a bank) – the intent was to remove the need for litigation altogether. If a lawsuit remains necessary due to a bank's noncompliance with the EIPA, the existing proceedings in CPLR article 52 are adequate to afford a judgment debtor appropriate relief. The summary proceedings have the advantage of being swift and without procedural complexity – there is no basis to suppose that the legislature expected that injured judgment debtors would commence complicated and lengthy plenary proceedings to vindicate their rights, such as the federal court actions plaintiffs brought here.

5

*Cruz* III, 979 N.Y.S.2d at 266–67.

This section of *Cruz* III makes two key points. First, the EIPA does not subject banks like Defendant to any new forms of liability: the only causes of action that judgment debtors may bring are those that existed at the time of the EIPA's passage. Second and relatedly, judgment debtors may not bring plenary actions against banks that violate the EIPA. Their remedies are restricted to those available under section 5239 and 5240 special proceedings, which are, by implication, more limited than those available under plenary actions.

It follows from *Cruz* III that the EIPA claim in the FAC was defective not because it was mislabeled, but because it sought to impose a form of liability that was substantively unavailable. *Cruz* III, 979 N.Y.S.2d at 266–67 ("[R]ecognition of new liability for banks of the type proposed by plaintiffs would be incompatible with the legislative scheme . . . . [T]here is no basis to suppose that the legislature expected that injured judgment debtors would commence complicated and lengthy plenary proceedings . . . such as the federal court actions plaintiffs brought here."). Accordingly, Plaintiffs cannot cure their claim simply by calling it a "proceeding under sections 5239 and 5240," rather than a "claim under the EIPA"; the defect lies in the claim, not the label.

That, however, is precisely what Plaintiffs attempt to do in the PSAC. The PSAC is identical to the FAC, except that: (1) Plaintiffs relabel their EIPA claim as claims under sections 5239 and 5240, (2) Plaintiffs seek to certify two classes (one under section 5239 and one under section 5240), instead of a single class, and (3) Plaintiffs drop the common law claims that the Court dismissed in *Martinez* I. (*Compare* PSAC, *with* FAC.) Plaintiffs' purported section 5239 and 5240 claims are based on the exact same conduct as their EIPA claim, and seek the exact same forms of relief: compensatory, statutory, exemplary, and punitive damages, an injunction

ordering Defendant to comply with the EIPA, disgorgement, costs, and attorneys' fees. (*Compare* PSAC at 16–17, *with* FAC at 16–17.) Because Plaintiffs have done nothing more than relabel the claim that the Court of Appeals held to be substantively defective in *Cruz* III, the PSAC would not survive a motion to dismiss pursuant to Rule 12(b)(6). Plaintiffs' motion to amend must therefore be denied as futile.

2. Special Proceedings Under Sections 5239 and 5240

The problem with the section 5239 and 5240 claims asserted in the PSAC is that they are not truly claims under sections 5239 and 5240, but misleadingly labeled claims for plenary relief of the sort rejected in *Cruz* III. That said, the Court of Appeals also held that judgment debtors may bring bona fide claims under sections 5239 and 5240 against garnishee banks. 979 N.Y.S.2d at 266–68. However, as Judge Castel observed in *Cruz* V, the remedies available under sections 5239 and 5240 are fairly narrow. (*Cruz* V at 12–16.) Section 5239 provides that:

> Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt. . . . The court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded.

N.Y. CPLR § 5239. Section 5240 provides that:

> The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.

N.Y. CPLR § 5240. In *Cruz* III, the Court of Appeals explained that:

> [Under section 5239], if a judgment debtor believes that a bank has restrained assets in error in violation of the EIPA – meaning there is a controversy between the bank and the account holder over access or "rights" in the deposited funds – he or she can obtain a civil remedy, such as the release of any money unlawfully restrained, an injunction barring transfer of exempt property to the sheriff or judgment creditor, or reimbursement of any bank fees improperly charged. Comparable relief would be available under CPLR 5240, even after the assets

7

> have been transferred to the judgment creditor; in that event, the judgment creditor could be joined as a party and the court could reverse the transfer by issuing an order "denying" the execution and directing restitution by the judgment creditor.

*Cruz* III, 979 N.Y.S.2d at 266. In other words, sections 5239 and 5240 have a very specific purpose: they allow judgment debtors whose assets have been improperly restrained or transferred to halt or reverse the specific transactions at issue. The remedies available under these proceedings are, correspondingly, "remedial in nature, aimed at undoing the effects of an improper account garnishment and restoring a judgment debtor to the position in which he or she would have been had the wrongful garnishment never taken place." (*Cruz* V at 14.) Neither section creates a general right of action against banks for any and all injuries arising out of their failures to comply with the EIPA or contemplates "forward-looking, deterrence-oriented" remedies such as punitive and exemplary damages or the broad injunctive relief sought by Plaintiffs.[3] (*Id.*) Nor does either section contemplate the award of compensatory damages for other injuries that judgment debtors might suffer as the result of banks' EIPA violations, such as "interest penalties, penalty payments, eviction, repossession," the lowering of credit scores, or other like injuries.[4] (*See* PSAC ¶ 39 (suggesting that Plaintiffs seek damages for such injuries).) Again, sections 5239 and 5240 do not create an all-purpose tort for violations of the EIPA – they

---

[3] The PSAC seeks an injunction ordering Defendant to comply with the requirements of the EIPA, a remedy which is both broader and of a different nature than the injunctive relief available under section 5239. (PSAC at 16.)

[4] Like Judge Castel, the Court is not persuaded by the argument that the word "damages" in section 5239 means damages without limitation. By its own terms, and as confirmed by the Court of Appeals in *Cruz* III, section 5239 is about "determin[ing] rights in the property or debt [to be levied upon]." N.Y. CPLR § 5239; *see also* 979 N.Y.S.2d at 266. Thus, the word "damages" cannot reasonably be read to encompass punitive or exemplary damages or consequential damages that occur outside of the garnishment process.

simply permit judgment debtors to halt or reverse the specific transactions that violate the EIPA, and recover, where applicable, improperly charged bank fees.

Accordingly, should Plaintiffs seek to continue this case by filing another amended complaint, their claims under sections 5239 and 5240 may not seek the categories of relief described above.

### IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' motion is DENIED without prejudice to renewal in a form consistent with this Opinion and Order. Plaintiff shall file any renewed motion no later than September 5, 2014. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 39.

SO ORDERED.

Dated: August 20, 2014
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE