USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALDO F. MARTINEZ and
JOSEPH CUMMINGS,

                              Plaintiffs,

        -v-

CAPITAL ONE BANK, N.A.,

                              Defendant.

No. 10-cv-8028  (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Geraldo F. Martinez and Joseph Cummings bring this putative class action against Defendant Capital One Bank, N.A., alleging that Defendant failed to comply with the requirements of the New York Exempt Income Protection Act ("EIPA") as codified in the New York Civil Practice Law and Rules ("CPLR"). N.Y. CPLR 5222–a. Now before the Court is Plaintiffs' renewed motion for leave to file a second amended complaint. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

I. BACKGROUND[1]

The Court assumes the parties' familiarity with the factual and procedural background of this case, as set forth in the Court's previous orders regarding this putative class action. The Court originally granted Defendant's motion to dismiss Plaintiffs' amended complaint on the grounds that EIPA permitted no private right of action. *Martinez v. Capital One, N.A.*, 863 F. Supp. 2d 256, 259 (S.D.N.Y. 2012) ("*Martinez I*"). Thereafter, Plaintiffs appealed *Martinez I* to the Second Circuit, where it was consolidated with the appeal in *Cruz v. TD Bank, N.A.*, a

---

[1] In deciding Defendant's motion, the Court has considered Plaintiffs' memorandum of law in support of their motion for leave to file a second amended complaint (Doc. No. 52 ("Mem.")), Defendant's opposition (Doc. No. 56 ("Opp'n")), Plaintiffs' reply (Doc. No. 59 ("Reply")), and the documents submitted in support thereof, including Plaintiffs' proposed second amended complaint ("PSAC") (Doc. Nos. 50–51, 54).

parallel case before the Honorable P. Kevin Castel. (*See* 10-cv-8026 (PKC), Doc. No. 26 ("*Cruz I*").) The Second Circuit issued an opinion certifying to the New York Court of Appeals two questions posed by *Martinez I* and *Cruz I* – namely, (1) "whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements," and (2) "whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by CPLR Article 52 and, if so, whether those special proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action." *Cruz v. T.D. Bank, N.A.*, 711 F.3d 261, 271 (2d Cir. 2013) ("*Cruz II*"). On November 21, 2013, the New York Court of Appeals found that, under New York law, EIPA did not support a private right of action and that a judgment debtor could obtain EIPA relief only in a CPLR Article 52 special proceeding. *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61 (2013) ("*Cruz III*"). Following *Cruz III*, the Second Circuit issued an opinion affirming *Martinez I* and *Cruz I*, but remanded both cases to the district court to permit Plaintiffs an opportunity to amend their complaints in light of the New York Court of Appeals opinion. *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) ("*Cruz IV*").

On remand, plaintiffs in *Cruz* filed a motion to amend asserting claims pursuant to §§ 5239 and 5240 of the CPLR, which Judge Castel denied without prejudice. Specifically, Judge Castel permitted Plaintiffs to submit a proposed amendment that "assert[ed] more narrowly tailored claims under section[s] 5239 and 5240 that comport[ed] with the limited nature of the relief authorized under these two sections as interpreted by the New York Court of Appeals in *Cruz III*." *Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2014 WL 1569491, at *1 (S.D.N.Y. April 17, 2014) ("*Cruz V*"). Following a motion for reconsideration, Judge Castel issued an order modifying one aspect of *Cruz V* related to the proper scope of recoverable bank

fees. *Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2014 WL 2506292, at *3 (S.D.N.Y. June 2, 2014) ("*Cruz VI*"). Plaintiffs in this action filed a similar motion to amend based on §§ 5239 and 5240, which the Court denied without prejudice, adopting Judge Castel's analysis in *Cruz V* as modified by *Cruz VI*. *Martinez v. Capital One, N.A.*, No. 10-cv-8028 (RJS), 2014 WL 4179866, at *6 (S.D.N.Y. Aug. 20, 2014) ("*Martinez II*"). Now before the Court is Plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 50.)[2]

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that this Court "freely give leave [to amend] when justice so requires." Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2007) (internal quotation marks and citation omitted). The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). As it would on a motion to dismiss, the Court must read the proposed second amended complaint to draw all reasonable inferences in favor of the Plaintiffs. *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).

---

[2] The Court notes that Plaintiffs in *Cruz* submitted a second motion to amend their complaint, which Judge Castel granted after briefing had concluded in this matter. *Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2015 WL 437393 (S.D.N.Y. Feb. 3, 2015) ("*Cruz VII*").

III. DISCUSSION

Defendant opposes Plaintiffs' second motion to amend their complaint on the grounds that such an amendment would be futile.   Specifically, Defendant argues that:   (1) Named Plaintiffs, and the putative class by extension, cannot bring an action under CPLR § 5239 since their funds have already been transferred to their creditors (Opp'n 4–6); (2) Plaintiffs cannot proceed under § 5240 since that section cannot provide the basis for an independent cause of action against Defendant (*id.* 6–7); and (3) Plaintiffs cannot seek relief in the form of an "open-ended obey-the-law injunction" (*id.* 8–9).[3]   The Court will address each of these arguments in turn.

A.  Cause of Action Under CPLR § 5239

CPLR § 5239 provides that "*[p]rior to* the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt."   N.Y. CPLR § 5239 (emphasis added).   Defendant claims that this statutory text, as interpreted by the New York Court of Appeals in *Cruz III*, requires Plaintiffs to demonstrate that putative class members' funds *have not* been transferred from Defendant to a judgment creditor.   Specifically, Defendant argues that since Named Plaintiffs "plead that their funds were transferred prior to bringing this action," the class cannot meet the requirements of § 5239 and its members may apply for relief only under § 5240. (Opp'n 4.)

Plaintiffs' proposed second amended complaint specifically notes that Defendant "*in some instances* releas[ed] Plaintiffs' and the Classes' statutorily protected personal property to

---

[3] Defendant also maintains that Plaintiffs' proposed second amended complaint is an impermissible plenary action, but they concede that the Court already rejected this argument and restate it merely to "preserv[e the argument] for possible appeal." (Opp'n 2–4.)

third party creditors" (Decl. of G. Oliver Koppell, Sept. 15, 2014, Ex. 1 (Plaintiffs' PSAC) ¶ 1 (emphasis added)), that the Bank "*in numerous instances* subsequently transferred the funds to creditors" (*id.* ¶ 4 (emphasis added)), and that "*[i]n some instances*, the funds were ultimately unlawfully transferred to judgment creditors" (*id.* ¶ 28 (emphasis added)).  In fact, Judge Castel in *Cruz VII* considered *identical* claims and concluded that, "[d]rawing all reasonable inferences in favor of the plaintiffs, . . . the Court reads these allegations as stating that the funds of at least some of the plaintiff class members were *not* transferred to creditors."  *Cruz VII*, 2015 WL 437393, at *4.  The Court agrees.  Where a "5239 Class" of Plaintiffs includes those individuals "whose accounts have . . . *not* been applied by a sheriff or receiver to the satisfaction of a judgment" (PSAC ¶ 29 (emphasis added)), the Court must conclude that the funds of at least some of the class members were not transferred to creditors and, therefore, satisfy the *Cruz III* requirements for a § 5239 claim under New York law.

The question remains, however, whether the *Named* Plaintiffs, and not just an unidentified member of the class, must assert a plausible claim under § 5239 in order to pursue this action – that is, whether the Named Plaintiffs have standing.  (Opp'n 4; Reply 3.)  In *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, the Second Circuit required the named plaintiff to demonstrate that it had both Article III standing *and* statutory standing to sue "in its own right" before analyzing whether class standing was satisfied.  693 F.3d 145, 158 (2d Cir. 2012).  Accordingly, "[i]n applying *NECA-IBEW*, courts in this district have recognized that the Second Circuit considers the questions of Article III, statutory, and class standing as distinct." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 481 (S.D.N.Y. 2014) (collecting cases)).

Here, the parties agree that the Named Plaintiffs possess Article III standing.  (Opp'n 4–6.)  With respect to statutory standing, which the parties contest, the inquiry is really "one of

statutory interpretation – did [the legislature] accord this plaintiff the right to sue to redress a violation." 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531, at n.38 (3d ed. 2008). In crafting the language of CPLR § 5239, the New York legislature clearly specified who may sue, stating that "*any interested person* may commence a special proceeding" to determine "rights in the [disputed] property or debt" (emphasis added). In the situation where a statute broadly authorizes any interested person to commence a lawsuit, the only applicable limit to judicial review is the constitutional standing requirement under Article III. *See Thiebaut v. Colorado Springs Utils.*, 455 Fed. App'x 795, 798 (10th Cir. 2011); *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 435 F.3d 758, 764 (7th Cir. 2006); *Defenders of Wildlife v. Browner*, 191 F.3d 1159, 1162 (9th Cir. 1999); *see also Valley Force Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 487 n.24 (1982) (noting that a legistive enactment may not lower the threshold requirements for standing under Article III); *accord Ciba-Geigy Corp. v. Sidamon-Eristoff*, 3 F.3d 40, 47 (2d Cir. 1993) (applying Article III standing analysis where the relevant statute authorized "any interested person" to sue). Where, as here, neither the Court nor the parties question Plaintiffs' Article III standing,[4] and the legislature has authorized "any interested party" to sue, the Court concludes that the Named Plaintiffs satisfy the standing requirement under § 5239 of the CPLR. To be sure, Defendant contends that Named Plaintiffs' funds have already been transferred from Defendant, thereby precluding them from stating a claim under § 5239. (Opp'n 4–6; Reply 3 (noting this "slight difference in the facts of Named Plaintiffs' claim from those of the 5239 Class").) But the "standing question is distinct from whether [an individual] has a cause of

---

[4] In order to establish Article III standing, a plaintiff must allege an injury in fact that is fairly traceable to the defendant's actions and that is redressable through the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). For purposes of standing analysis, the Court assumes the merits of a plaintiff's claims. *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 658 (D.C. Cir. 2010). Here, the Named Plaintiffs have plausibly alleged that Defendant froze and assessed improper fees on their accounts without first providing a restraining notice from the creditor or an exemption notice from Defendant, despite EIPA and the CPLR's provisions to the contrary. (PSAC ¶ 1.) Therefore, their claims meet the constitutional standing requirements.

action," and Defendant's arguments address the latter. *Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010).

Finally, the Court must address whether Named Plaintiffs – who in the words of Judge Castel "have not alleged that *their* funds were not transferred" and therefore state claims under § 5240 and not § 5239, *Cruz VII*, 2015 WL 437393, at *5 – have nonetheless satisfied their burden to show class standing at this stage of the proceedings. "[I]n a putative class action, a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA-IBEW*, 693 F.3d at 162 (internal quotation marks and citations omitted). For the reasons discussed previously, the Court finds that Named Plaintiffs have met the first prong. The second prong, however, is more problematic. As the Second Circuit noted in *NECA-IBEW*, a named plaintiff's injuries need not be "*the same*" as those of the putative class, *id.*; rather "[t]he core question is whether a plaintiff who has a personal stake in proving her own claims against the defendant has a sufficiently personal and concrete stake in proving other, related claims against the defendant," *Ret. Bd. of the Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 163 (2d Cir. 2014). With respect to the proposed second amended complaint, the Court finds that Named Plaintiffs have not met this standard. Though the underlying allegations regarding Defendant's practice of withholding notice and assessing fees are similar as to Plaintiffs across both the § 5239 and § 5240 claims, the substantive legal claims and available remedies differ substantially. Accordingly, without a Named Plaintiff capable of alleging that his funds remain with Defendant – a prerequisite to recover funds on a § 5239 claim – Named Plaintiffs with only § 5240 claims do not possess sufficient incentive to pursue the claims of the

§ 5239 plaintiffs. *See NECA-IBEW*, 693 F.3d at 164 (finding that plaintiffs possessed class standing over only those claims originating from the same loan originator) (citing *Plumbers' Union Local No. 12 Pension Fund, et al. v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770 (noting that incentive to litigate turns on whether "the establishment of the named plaintiffs' claims necessarily establishes those of other class members")).

That being said, Plaintiffs' proposed second amended complaint clearly alleges the existence of *some* individuals – albeit not the Named Plaintiffs – for whom statutory standing is satisfied. Accordingly, the Court will permit Plaintiffs to submit a revised proposed second amended complaint that includes a named plaintiff specifically alleging that his or her funds have not been transferred. *See Newman Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 832 (1989) (permitting courts to "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts").

## B. Cause of Action Under CRLR § 5240

Defendant further contends that Plaintiffs may not assert § 5240 claims, as that section provides "an enforcement mechanism for an existing case, and not the basis of a new claim." (Opp'n 6.) Defendant reasons that the language of § 5240 presupposes an existing action, since the provision addresses the "modification" of an order, its text refers to "the court" acting "on its own initiative" to "make an order," and it permits "any interested person" to petition for changes by "motion." (Opp'n 6–7 (quoting N.Y. CPLR § 5240).) In contrast, § 5239 invites a party to "commence a special proceeding" by "petition." (Opp'n 7 (quoting N.Y. CPLR § 5239).) Accordingly, Defendant argues that the rights of action under § 5240 may arise only in an "existing case" and not a "new, independent action." (*Id.* 7.)

Federal courts defer to state courts on questions of state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In *Cruz III*, the New York Court of Appeals informed the Second

Circuit that, under EIPA, "a judgment creditor who objects to an exemption claim must, in expedited fashion, *initiate a CPLR 5240 proceeding* to resolve the dispute" and that "nothing prevents a party injured in the manner alleged by plaintiffs from seeking redress against a bank in *a CPLR 5230 or 5240 proceeding*." *Cruz III*, 22 N.Y.3d at 75 (emphases added). The state court's opinion in *Cruz III*, which prevails on questions of state law, clearly contemplated a freestanding cause of action under § 5240.

Even if Defendant's interpretation of § 5240 were correct, however, the Court agrees with Judge Castel that such a reading would not forestall Plaintiffs' claims, since the Plaintiffs' § 5239 claims provide a preexisting action capable of supporting Plaintiffs' § 5240 allegations. *See Cruz VII*, 2015 WL 437393, at *5 (citing *Cruz III*, 22 N.Y.3d at 75). Thus, the claims of the § 5240 class may proceed in this putative class action.

C. Plaintiffs' Requested Relief

Defendant finally argues that, since the Bank has already transferred the funds of Named Plaintiffs, an order requiring it to return the funds that it does not now possess amounts to an improper "obey the law" injunction. (Opp'n 8–9.)

As discussed above, however, the proposed second amended complaint adequately alleges that Defendant retains the funds of at least *some* portion of the putative class members. Accordingly, the § 5239 class may seek relief in the form of an order enjoining the Bank from transferring those allegedly illegally obtained funds from the Bank's control. The Court has previously stated that such an injunction would be a proper remedy under §§ 5239 and 5240, and Defendant's latest arguments provide no basis to revisit that conclusion. *See Martinez II*, 2014 WL 4179866, at *5.

IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' motion is GRANTED in part and DENIED in part without prejudice to renewal in a form consistent with this Opinion and Order.  Plaintiffs shall file any renewed motion, with a revised proposed second amended complaint no later than August 1, 2015.   The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 50.

SO ORDERED.

Dated:          July 13, 2015
                New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

10