UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2016
```

GERALDO F. MARTINEZ and
JOSEPH CUMMINGS,

                        Plaintiffs,

    -v-

CAPITAL ONE BANK, N.A.,

                        Defendant.

No. 10-cv-8028  (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiffs Geraldo F. Martinez and Joseph Cummings bring this putative class action
against Defendant Capital One Bank, N.A., alleging that Defendant failed to comply with the
requirements of the New York Exempt Income Protection Act ("EIPA") as codified in the New
York Civil Practice Law and Rules ("CPLR").  N.Y. CPLR 5222–a.  Now before the Court is
Plaintiffs' renewed motion for leave to file a second amended complaint.  (Doc. No. 65.)  For the
reasons set forth below, the motion is GRANTED.

I. BACKGROUND[1]

    The Court assumes the parties' familiarity with this matter.  As most relevant here, on
July 13, 2015, the Court issued an order granting in part and denying in part leave to amend
Plaintiffs' first amended complaint in this matter.  (Doc. No. 62 ("July 2015 Order").)  With
respect to the Section 5239 claim, the Court found that Plaintiffs had failed to identify an
individual plaintiff capable of asserting a claim under Section 5239 of the N.Y. CPLR and
directed Plaintiffs to submit a renewed proposed second amended complaint curing the

---

[1] In deciding Defendant's motion, the Court has considered Plaintiffs' motion for leave to file a second amended
complaint (Doc. No. 65), Defendant's memorandum of law in opposition (Doc. No. 68 ("Opp'n")), Plaintiffs' reply
(Doc. No. 68 ("Reply")), and the documents submitted in support thereof (Doc. Nos. 66, 69–70).

deficiency. (*Id.* at 4–8.)  With respect to the Section 5240 claim, the Court granted leave to amend, holding that the New York State Court of Appeals' decision in *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61 (2013) ("*Cruz III*") contemplated a freestanding cause of action under Section 5240 and that, in any event, Plaintiffs' Section 5239 claim provided a preexisting cause of action capable of supporting a Section 5240 claim.  (*Id.* at 8–9.)  Plaintiffs subsequently informed the Court that they had been unable to identify a member of the putative class capable of asserting a claim under Section 5239 and no longer sought to include allegations of a Section 5239 violation in their amended complaint.  (Doc. No. 66.)  This motion followed, and Plaintiffs attached a proposed second amended complaint, which mistakenly included several references to a "5239 class," "classes," and requests for "injunctive relief."  (Decl. of G. Oliver Koppell, dated September 8, 2015, Doc. No. 66.)  After Defendant pointed out these errors, Plaintiffs removed the references such that the proposed second amended complaint currently before the Court contains no claim or reference to a cause of action under Section 5239.  (Decl. of G. Oliver Koppell, dated October 16, 2015, Doc. No. 70.)

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that this Court "freely give leave [to amend] when justice so requires."  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Thus, "[l]eave to amend, though liberally granted, may properly be denied for:  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2007) (internal quotation marks and citation omitted).  The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss.

*See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). Thus, as it would on a motion to dismiss, the Court must read the proposed second amended complaint to draw all reasonable inferences in favor of the Plaintiffs. *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).

### III. DISCUSSION

As an initial matter, the Court finds that the amendment proposed by Plaintiffs is not the product of undue delay, bad faith, or dilatory motive, and that it does not demonstrate a repeated failure to cure deficiencies by amendments previously allowed or cause undue prejudice to Defendant. Indeed, Defendant does not suggest otherwise, and opposes Plaintiffs' motion to amend their complaint on the sole ground that such an amendment would be futile. Specifically, Defendant argues that, in the absence of a Section 5239 claim, there is no independent basis to bring a Section 5240 claim in federal court. (Opp'n at 4–5.) In essence, Defendant attempts to revive its prior argument – that "the rights of action under [Section] 5240 may arise only in an 'existing case' and not a 'new, independent action'" (July 2015 Order at 8 (quoting Doc. No. 56 at 7)) – and asks the Court to "review its prior conclusion concerning the independence of Section 5240" (Opp'n at 5). The Court adheres to its prior holding.

As noted previously, the Court adopted the reasoning of Judge Castel in *Cruz v. TD Bank, N.A.*, No. 10-cv-8026 (PKC), 2014 WL 1569491, at *3 (S.D.N.Y. April 17, 2014), which rejected defendant TD Bank's argument that claims like those at issue here may arise only in a "special proceeding" and may not be heard in a federal court. (Doc. No. 47 at 5.) Specifically, Judge Castel observed:

> "A special proceeding is a creature of New York law with no federal analogue."
> *S.E.C. v. Colonial Inv. Mgmt. LLC*, 07-cv-8849 (PKC), 2010 WL 4159276, at *2

3

(S.D.N.Y. Oct. 6, 2010). "A special proceeding is a civil judicial proceeding in which a right can be established or an obligation enforced in summary fashion. Like an action, it ends in a judgment, but the procedure is similar to that on a motion. Speed, economy and efficiency are the hallmarks of this procedure." *Id.* (citing Alexander, Comment C401:l (McKinney's N.Y. CPLR, 2010) (internal citations omitted)). A "special proceeding," denominated as such, cannot be commenced in a federal court. Rule 2, Fed. R. Civ. P. ("There is one form of action – the civil action."); *compare* CPLR § 103(b) ("All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized."). However, the underlying claim may be brought as an "action" in a federal court, provided there is an independent ground for federal subject matter jurisdiction. Special proceedings under Article 78 of the CPLR, another unique creature of New York law, have been heard in federal court where diversity jurisdiction exists. *See, e.g.*, *Casale v. Metro. Transp. Auth.*, 05-cv-4232 (MBM), 2005 WL 3466405, at *7 (S.D.N.Y. Dec. 19, 2005); *Elite Med. Supply of New York, LLC v. State Farm Mut. Ins. Co.*, 13-cv-918-A, 2014 WL 823439 (W.D.N.Y. Mar. 3, 2014) ("Congress has never excluded disputes of the kinds within an Article 78 proceeding, or any similar state-law proceeding, from the subject matter jurisdiction of federal courts."); *but see Cartagena v. City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003); *cf. Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013), *as corrected* (Sept. 27, 2013) ("We need not decide, however, whether Article 78 can, on its own, deprive a federal court of jurisdiction over claims brought under that provision . . . .").

(*Id.*) Indeed, as this Court noted in its July 2015 Order, the New York State Court of Appeals in *Cruz III* clearly recognized a "freestanding cause of action under [Section] 5240" (July 2015 Order at 9), and it at no point distinguished between the availability of relief under Section 5239 and Section 5240 claims, *Cruz III*, 22 N.Y. 3d at 74–76. Rather, it clearly held that a party may seek "redress against a bank in a CPLR 5239 or 5240 proceeding." *Id.* at 75. Since state, and not federal, courts are empowered to determine the meaning of their own laws, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the Court defers to the New York Court of Appeals' statements on this subject. Accordingly, the Court concludes – once again – that "the claims of the [Section] 5240 class may proceed" (July 2015 Order at 9), and therefore that Plaintiffs'

proposed second amended complaint is not futile.[2]

### IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' motion to file a second amended complaint is GRANTED.  The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 65.  IT IS FURTHER ORDERED THAT the parties shall submit a joint letter by January 15, 2016 setting forth proposed next steps in this action.

SO ORDERED.

Dated:     January 4, 2016
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] Curiously, Defendant also requests that the Court dismiss Plaintiffs' Section 5239 count with prejudice.  But there is no Section 5239 claim to dismiss, since Plaintiffs' prior operative complaint was dismissed in its entirety (Doc. No. 32) and Plaintiffs now seek to file an amended pleading that does not reference Section 5239.  As such, the proposed second amended complaint – which includes only a Section 5240 claim – is not futile and certainly does not prejudice Defendant.  *See Ruotolo*, 514 F.3d at 191.